## NEITHAMER v HEYER

Ohio Appeals, 6th Dist, Lucas Co

No 2400. Decided Jan 5, 1931

Garrison & Phillips, Toledo, for Neithamer.

Alonzo G. Duer, Toledo, for Heyer.

The facts are stated in the opinion.

WILLIAMS, J.

This cause comes into this court on appeal. Plaintiff, Fred Neithamer, is the owner of a dwelling house and lot at 1324 Yates Street, Toledo, Ohio, and the defendant, Albert Heyer, is the owner of a newly constructed dwelling house situated on a lot adjoining that of plaintiff on the south. The defendant, The Banner Lumber Company, constructed the dwelling house of Albert Heyer under contract, after securing a permit from the building inspector to do so.

Section 10 of the zoning ordinance of the city of Toledo, passed September 10th, 1923, provides that where a building is erected upon a lot which is less than forty feet in width, a side yard shall be left on each side of the building not less than three feet in width.

This court finds from the evidence that a permit was given to build a house of the width of twenty-four feet on the lot of the defendant, Heyer, allowing for side yards three feet in width; that the defendants constructed a building with a bay window on the northerly side next to the property of the plaintiff which extended eighteen inches into Heyer's three-foot side yard and a gable roof that extended to the line between the two properties, and that the plaintiff promptly and persistently protested to the defendants and the building commissioners of the city of Toledo against the construction of any part of said building or bay window upon the three-foot side yard. It appears, therefore, that the plaintiff is entitled to a mandatory injunction to compel the removal of the whole of the bay window and gable roof over it.

It is claimed, however, that an appeal was taken to the board of zoning appeals and that the action of that board allowed a side yard of 2.85 feet and, in accordance with paragraph 6, Section 17, of the zoning ordinance, approved the request of the applicant. The request was for a variation of the application of the zoning ordinance by premitting the construction of a "bay in side yard". This appeal was taken after the bay window had been constructed. Paragraph 6 of Section 17 reads as follows:

"Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this ordinance, the board of zoning appeeals shall have the power in a specific case to vary any such provision in harmony with its general purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done."

In our judgment the action of the board in granting the application, so far as it related to the bay window, was an abuse of discretion.

A mandatory injunction should therefore be granted and a decree entered in favor of the plaintiff substantially as in the court of common pleas.

Lloyd and Richards, JJ, concur.